KURT A. WIEDENHAUPT, Respondent, v PAUL F. HOGAN, JR., Appellant. (Appeal No. 2.) [932 NYS2d 751]—

Memorandum: In appeal No. 1, defendant appeals from an order granting plaintiff's motion for summary judgment in lieu of complaint based upon an instrument for the payment of money only (*see* CPLR 3213), and in appeal No. 2 he appeals from the judgment entered thereon. In appeal No. 3, he appeals from an

order entered following the entry of the judgment in appeal No. 2 that granted his motion for leave to reargue and, upon reargument, adhered to the prior decision granting plaintiff's motion for summary judgment in lieu of complaint. We note at the outset that appeal No. 1 must be dismissed inasmuch as the order granting plaintiff's motion for summary judgment in lieu of complaint is subsumed in the final judgment in appeal No. 2 (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988 [1988]). Likewise, appeal No. 3 must be dismissed inasmuch as it is taken from the subsequent order granting defendant's motion for leave to reargue and, upon reargument, adhering to Supreme Court's original decision. Thus, the order in appeal No. 3 is also subsumed in the final judgment in appeal No. 2 (*see Huther v Sickler*, 21 AD3d 1303 [2005]).

We reject defendant's contention that the court erred in granting plaintiff's motion. Plaintiff met his initial burden by submitting the demand note along with evidence of defendant's default (*see Counsel Fin. Servs., LLC v David McQuade Leibowitz, P.C.*, 67 AD3d 1483, 1484 [2009]; *LaMar v Vasile* [appeal No. 4], 49 AD3d 1218 [2008]). In opposition to plaintiff's motion, defendant failed to " 'prove the existence of a triable issue of fact in the form of a bona fide defense against the note to defeat [the] motion' " (*Ring v Jones*, 13 AD3d 1078, 1078 [2004]). Contrary to defendant's contention, summary judgment on the note was not precluded by a separate consulting agreement that contained a broad arbitration provision (*see generally Haselnuss v Delta Testing Labs.*, 249 AD2d 509, 510 [1998], *lv denied* 92 NY2d 815 [1998]). Indeed, any disputes concerning the propriety of payments made to plaintiff pursuant to the consulting agreement are properly subject to arbitration, pursuant to that consulting agreement. Present—Peradotto, J.P., Carni, Lindley, Sconiers and Green, JJ.